# Exhibit A

Filed
D.C. Superior Court
07/08/2019 17:40PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| A. Kevin Fahey et al | ) |
| | ) |
| Plaintiff, | ) |
| V. | ) |
| | )   Civil Action No: 2019 CA 003515 B |
| Godiva Chocolatier, Inc. | ) |
| Defendant | )   Judge Fern Flanagan Sadler |
| | )   Next Court date: Friday August 23rd |
| | )    9:30 AM |
| | ) Courtroom 100 |
| | ) |
| | )    Jury Trial Demanded |
| | ) |
| | ) |

---

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kevin Fahey ("Plaintiff"), by and through his counsel, brings this action against the

Godiva Chocolatier, Inc. ( the "Defendant" ) on behalf of the General Public of the District of

Columbia, and alleges the following based upon information, belief and the investigation of counsel:

### NATURE OF THE CASE

1. This is a representative action brought on behalf of Plaintiff and the DC general public who

   purchased Godiva chocolate products ( "the Products"). Plaintiff purchased one of Godiva's

   chocolate products.

2. The package of the Products states on the front "Belgian 126"..The reasonable consumer would

interpret this to mean to the contents are made in Belgium.

3.   Further, Godiva's social media materials are filled with innuendo that all their products are made in Belgium.

4.   This is not a coincidence: Belgium has a reputation as the producer of many of the world's finest chocolates.  Consumers pay a premium for chocolates emanating from this country.

5.   However, in fact, as revealed in a national newspaper article, all Godiva chocolates sold in the United States are created at a plant in Reading Pennsylvania.

6.   The newspaper article referenced above described flavor variations caused by, as an example, the regulations of several US states on the amount of alcohol that be can placed in candy.

7.   In short, members of the DC general public are paying a premium for what they believe are products of a country with a reputation for premier chocolate, whereas the product is made in the United States, and in a different manner as a result.

8.   Plaintiffs and members of the DC general public accordingly suffered an injury in fact caused by the false, fraudulent, unfair, deceptive, and misleading practices set forth herein, and seek compensatory damages for the  Plaintiff, and an injunction on behalf of said general public. and costs and attorneys fees as appropriate.

9.   The Plaintiff, on behalf of the DC general public, seeks to enjoin such fraud, seeks monetary damages on his own behalf, and an injunction of behalf of said general public

**JURISDICTION AND VENUE**

8.   This Court has subject matter jurisdiction over this action, and venue is appropriate in this

2

Court, pursuant to D.C. Code §§ 11-921 and 28-3905(k)(1).

9. This Court has personal jurisdiction over the Defendant pursuant to D.C. Code §13-423, as

Defendant sells its products at stores throughout Washington, D.C.

10.      In addition, a substantial part of the actions which gave rise to the Plaintiff's cause of

action occurred in this jurisdiction.

### THE PARTIES

11.      Plaintiff Keven Fahey is a resident of Virginia.

12.      Defendant Godiva Chocolatier, Inc. , is a New Jersey corporation with a principal place

of business at 333 W 34th St, , New York, NY    10001

### LEGAL FRAMEWORK - THE INTERESTS OF THE DC GENERAL PUBLIC AND THE GENERAL PUBLIC AND THE DC CONSUMER PROTECTION ACT

13.      The District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code §

28-3901 *et seq.,* prohibits unlawful trade practices.  The prohibited trade practices include, in

relevant part, actions that

(a)   represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have
 (b). represent that goods have characteristics, uses, or benefits that they do not have;
  (d) represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another
(e) misrepresent as to a material fact which has a tendency to mislead;
(f) fail to state a material fact if such failure tends to mislead;
(f-1), use innuendo or ambiguity as to a material fact, which has a tendency to mislead
(h) advertise or offer goods or services without the intent to sell them or without the intent to sell them as advertised or offered; and
(x) to sell consumer goods in a condition or manner not consistent with that warranted by operation of sections 28:2-312 through 318 of the District of Columbia Code, Official Code, or by operation or requirement of federal law.

Section 3904.

14.     Additionally, "the CPPA's extensive enforcement mechanisms apply not only to the

unlawful trade practices proscribed by § 3904, but [also] to all other statutory and common law

prohibitions." *Osbourne v. Capital City Mortgage Corp.*, 727 A.2d 322, 325-26 (D.C. 1999).

15.     The CPPA allows for treble damages, or $1500 per violation, whichever is greater, as

well as reasonable attorneys' fees, punitive damages, an injunction against the unlawful trade

practice, "additional relief as may be necessary to restore the consumer money or property . . .

which may have been acquired by means of the unlawful trade practice," and "any other relief

the court deems proper." D.C. Code § 28-3905(k)(1).

16.     Plaintiff brings this action on behalf of himself and as a Representative acting for the

interests of the general public of the District of Columbia, seeking relief from Defendant's use

of trade practices in violation of laws of the District of Columbia, pursuant to D.C. Code § 28-

3905(k)(1).

17.     A boxed chocolate is a "consumer good", and the Defendant is a "merchant" within the

meaning of the CPPA. D.C. Code § 28-3901(1)(2) and (7).

**THE FAHEY PURCHASE**

18.     On June 19 2019, Mr. Fahey purchased a package of Godiva chocolate through Godiva's

website . A copy of the receipt, and photographs of the packaging are set forth below:

4

*Figure 1*



*Figure 2*



*Figure 3*



*Figure 4*



*Figure 5*



*Figure 6*



*Figure 7*



*Figure 8*



*Figure 9*



*Figure 10*



19.     Under the CPPA, such a purchase is all that is necessary to give Mr. Fahey standing to

be the Representative of the DC General Public in this action. D.C.Code § 28-3905(k) (2001)

now specifies:

(k)(1) A person, whether acting for the interests of itself, its members, or the general public,
may bring an action under this chapter in the Superior Court of the District of Columbia seeking
relief from the use by any person of a trade practice in violation of a law of the District of
Columbia and may recover or obtain the following remedies
(A) treble damages, or $1,500 per violation, whichever is greater, payable to the consumer;

10

(B) reasonable attorney's fees;
(C) punitive damages;
(D) an injunction against the use of the unlawful trade practice;
(E) in representative actions, additional relief as may be necessary to restore to the consumer money or property, real or personal, which may have been acquired by means of the unlawful trade practice; or
(F) any other relief which the court deems proper.

20.     The basis for Mr. Fahey's standing and the manifestation of his alleged injury in fact is similar to that in *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 371 (1982).    There, the Court determined that § 804(d) of the Fair Housing Act"established an enforceable right to truthful information concerning the availability of housing," id. at 373, 102 S.Ct. 1114, and thus, plaintiffs were injured in fact and had standing to sue because of "deprivation of information about housing availability,"

21.     In *Grayson v. AT & T Corp.*, 15 A. 3d 219 (DC 2011), the DC Court of Appeals, invoking the *Havens* ruling, upheld the standing of a purchaser of prepaid telephone calling card to sue for alleged violations of the CPPA.  Consistent with *Havens*, the Supreme Court ruled as such even though the plaintiff was an industry insider who knew when he purchased the product that it had the defects at issue.  *Grayson* at 249-252

22.     Further, the DC City Council has suspended funding of enforcement by the DC Attorney General's Office of the CPPPA. *Grayson*, *supra*, at 240.

23.     Therefore, the liberal standing requirements conferred by *Grayson* on private plaintiffs are consistent with the intent of the DC City Council "provide public interest organizations and private attorneys the ability to seek injunctive relief and disgorgement of ill-gotten gains in the public interest". *Id* at 240.

## FACTUAL ALLEGATIONS.

*The Mystique of Belgian Chocolate*

11

24.    Belgium has an international reputation for superior chocolate.  Consider this passage

from a leading trade publication:

> The history of Belgian chocolate reaches back to the 17th century, when
> Spanish explorers brought cocoa beans from South America. The Spanish
> nobility, who then ruled Belgium, enjoyed cocoa as a luxury drink.
> However, chocolate did not gain popularity with the general public until
> the second half of the 19th century, when Belgian King Leopold II
> colonized the Congo. During the age of European imperialism, cocoa
> cultivation began to shift from the Americas to West Africa, which
> provided an ideal environment, as well as plentiful slave labor, for cocoa
> production[1]

25.    Such history leads to the present, at which time Belgium produces 270,000 metric tons

of chocolate each year and boasts more than 2,000 chocolate shops. *Id.*

26.    Further, according to the AOCS article "[b]ut what is it about Belgian chocolate that

makes it so smooth, flavorful, and melt-in-your-mouth irresistible? The secret lies in quality

ingredients and expert processing, combined with a spirit of innovation that continues to refine

Belgian chocolate even today" *Id.*

27.    Consistent with the reputation, the Belgian Royal Association of the Chocolate, Praline,

Biscuits and Sugar Confectionary Industry ("CHOPRABISCO") has promulgated a Code (the

"Belgian Chocolate Code", a voluntary industry agreement for standard relating to chocolate

that is labeled as originating from To protect the Belgian chocolate image, the Belgian Royal

Association of the Chocolate, Praline, Biscuits and Sugar Confectionary Industry

("CHOPRABISCO") has developed the Belgian Chocolate Code.[2] (the "Code") that provides

guidelines for labeling chocolate as coming from Belgium.

28.    The importance of the Belgian Chocolate Code to that industry arises because "the

---

[1] https://www.aocs.org/stay-informed/inform-magazine/featured-articles/the-secrets-of-belgian-chocolate-may-2012 (The
AOCS Article".
[2] http://www.choprabisco.be/engels/documents/BelgianChocolateCodeEN030507DEF.pdf

reputation of high quality associated with 'Belgian Chocolate' frequently induces competitors to mislead consumers by using texts or illustrations referring to Belgium" .*Id* at 1. .

29.        Plaintiff herein does not allege that the actions of Godiva violated the Code.  However, the existence and purpose of the Code demonstrate the importance to brand image of the claim of Belgian origin.

*Godiva's Reputation as a Top Belgian Confectioner*

30.        Godiva is one of the world's leading chocolatiers.  And one of the elements of its brand is its location in Belgium.

31.        Such can be seen at first by the marketing of Godiva products on the internet and social media specifically.  Godiva's website, and facebook and twitter home page all have "Belgian 1926" emblazed across them:





32.      Consistent with these images, all designed to convey the impression Godiva products are

made in Belgium and have the qualities of confections so produced, the product purchased by

Mr. Fahey has the "Belgian 1926" logo".  See Figures 5 and 10, *supra*.

33.        In fact, the product purchased by Mr. Fahey was not made in Belgium.  To the contrary,

Godiva's own website admits much of its US product is made in its plant in Reading,

Pennsylvania.[3]

34.        Further, according to a 1994 *Washington Post* article,[4] the different location can lead to

lead to different tastes "I'm not positive I could tell you the difference blindfolded, but the

American and Belgian tastes really are quite different," says Giselle Eggermont, the first

secretary at the Embassy of Belgium in Washington. "Maybe it's with the sugars -- and also the

alcohol."

35.        In the *Post*  article, Melanie Draps, granddaughter of Godiva founder Pierre Draps, is

quoted as saying. "I've tried the American Godivas and they do taste different,".  According to

the *Post,* Ms. Draps, had made her own chocolates for 10 years as owner of Les Delices de

Melanie of Brussels, and "thinks different butters and creams, as well as the alcohol, account in

large part for the flavor variations."

36.        According to the *Post* article, David Albright, president of Godiva Worldwide admitted

that flavors and fillings could be different.  For example, "36 American states restrict alcohol in

candy. So, the dashes of liquor that enhance the flavors inside Godiva's European chocolates are

missing, and Godiva's American recipes must be altered."

37.        In short, as of the date of Mr. Fahey's purchase, Godiva was perpetrating a massive

---

[3] https://www.godiva.com/careersGodivaHistory/careersGodivaHistory.html (last visited April 29, 2019).  As is shown below, Godiva does sell its Belgian made products in the United States, noting carefully to disclose they are made in Belgiu. See paras  to  oo  infra cite.
[4] https://www.washingtonpost.com/archive/lifestyle/food/1994/09/14/godiva-better-in-belgium/7e011581-5fbb-43bf-bc7e-6db959bf5178/?utm_term=.6b07ded9839b (the "Post Article", last visited April 29, 2019).

fraud on US consumers by falsely implying the Products were made in Belgium, thereby invoking the Belgian origin to induce purchasers to pay a premium.

38.     The standard of care for products whose packaging implies a country of origin other than the actual one, is to disclose, even if in fine print on the back, such actual country of origin.

39.     Indeed, Godiva itself discloses the actual country of origin in this manner when it sells chocolate from one of its Belgian factories when such are sold in the United States, as is shown by the photo below of a product purchased from Macys', below.



.

40.     In the present case, as Godiva makes <u>no</u> disclaimer, it has breached this standard.

41.     Even further, Godiva's retailers are evidently aware of the importance of such a

disclaimer.  As is seen from the below Figures, Macy's Godiva website makes the appropriate

disclaimer for all of the offending products (Godiva's own webpages for any of its products

makes no such disclosure):








**Product Details** —

A lovely gift of impeccable taste, this assortment from Godiva includes a selection of rich gourmet chocolates with a delectable variety of fillings. An elegant striped ribbon adorns the gold box for stylish presentation.

- Flavors include milk, dark, and white chocolates with classic Belgian fillings such as silky ganache, creamy pralines, rich caramels, fruits and nuts
- 19 pieces
- Weight: 7.2-oz
- Dimensions: 7.63" x 2.19" x 6.63"
- NOTE: Godiva chocolate may contain dairy, milk products, nuts, peanuts or gluten
- Made in USA
- Please note that food baskets may not be returned.
- Web ID: 6586616

**Price Details** +

**Shipping & Returns** +

Godiva Chocolatier 19-
Pc.
Reg. $29.95
Sale $23.96
★★★★★ (13)






shopped

Godiva
19-Pc. Gold Gift Box With Blue & Gold Ribbon
★ Be the first to Write A Review

$29.95

Qty   1    —   +

ADD TO BAG            ADD TO LIST

Add To Registry

⊛ Ship It
  Direct from vendor. Usually ships within 7 business
  days

⊙ Free Pickup In Store
  Check Availability In Stores

This item is part of the **Godiva Father's
Day Gold Ballotin Collection**
View The Collection

**Product Details** —

A lovely gift of impeccable taste, this assortment from Godiva includes a selection of rich gourmet chocolates with a delectable variety of fillings. An elegant striped ribbon adorns the gold box for stylish presentation.

Godiva 19-Pc. Thank
You Go...
$25.00

Godiva 45-Pc. Spring
Gift...
Reg. $34.95
Sale $27.96

Godiva Chocolatier 19-
Pc...
Reg. $29.95
Sale $23.96
★★★★★ (13)









**Count 1**
**Violation of the CPPA**
**Implied and Express Warranties**
**Section 3904(x)**

42.     Plaintiff incorporates the allegations of paragraphs 1 through  **Error! Reference source not found.** as though fully set forth herein, and alleges further:

43.     As noted above, the CPPA, §28-3904, provides that is it a violation  "whether or not any consumer is in fact mislead, deceived or damaged thereby,", for any person to , inter alia, "sell consumer goods in a condition or manner not consistent with state or federal law."

44.     Section 313 of the D.C. UCC (DC Code § 28:313 provides:

(1) Express warranties by the seller are created as follows:

(a)  Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and become part of the basis of the bargain creates an express warranty that the goods shall conform the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation does not create a warranty.

64.      D.C. Code § 28-314 provides:

 (a) Unless excluded or modified . . . a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.  Under this section, the serving for value of food or drink to be consumers either on the premises or elsewhere is a sale.

(b) Goods to be merchantable must be at least such as . . .

( i ) In the case of fungible goods, are of fair average quality within the description; and

(ii) Are fit for the ordinary purposes for which such goods are used; and

(iii) Are adequately contained, packaged, and labeled as the agreement may require; and

(iv) Conform to the promises or affirmations of fact made on the container or label, if any.

65.      Plaintiff and DC consumers have purchased the Products from the Defendant.  The above-referenced warranties apply to the Product.  The Defendant has failed to honor these warranties.

66.      The Products are not merchantable because they are neither fit for the ordinary purpose for which such good are not, not conforms to the promises or affirmations covered.

67.      §28:2-607 (3) (A) requires that a buyer must within a "reasonable time after he discovers

or should have discovered any breach notify the seller of breach or be barred from any remedy;"

68.     Plaintiff's counsel, on behalf of him and the DC Public, have given such notice

69.     Defendant's breaches of its Express Warranties and the Implied Warranty of

Merchantability, and its sale of consumer goods in a condition and in a manner inconsistent

with D.C. law and contrary to the operation and requirements of federal law constitute unlawful

trade practices, which violate the rights of the Plaintiff and the DC general public as protected

by the CPPA.  D.C. Code § 28-3904(x).

**Count 2 –
Violations of the CPPA –
Various subsections**

70.     Plaintiff incorporate the allegations of paragraphs 1 through  **Error! Reference source
not found.** as though fully set forth herein, and alleges further:

71.      By marketing the Products in the manner described above, the Defendant violated the

various provisions of Section 3904 of the CPPA, set forth in more detail in paragraph 13, page 3

above.

72.      Such violations are actionable under the CPPA, and make the relief requested below

appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, as to Counts 1-2 of the Complaint, Plaintiff, on behalf of the general public of

the District of Columbia, asks this court to award

statutory or actual damages, trebled, on behalf of Mr. Fahey, except that in no case does Mr.
Fahey seek an amount in excess of $74,000;

attorneys' fees; and

25

an injunction against Defendant's violations of the CPPA; and

any other relief this court deems just and proper.

Respectfully Submitted

*Thomas C. Willcox*
Thomas C. Willcox, Attorney at Law
DC Bar No 445135
1701 16th Street, N.W
Suite 211
Washington DC   20009
Tel: 202.338.0818
T.C. 202.234.0892
tcw19law@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document via CaseFileExpress, which indicated that a copy had been served electronically

Henry Brownstein
1399 New York Avenue, Suite 201
Washington ,D.C.  20005
hbrownstein@kasowitz.com
Attorneys for Defendant Godiva Chocolatier, Inc

Today

July 8, 2019

*/s/ Thomas C. Willcox*
Thomas C. Willcox

Filed
D.C. Superior Court
07/08/2019 14:44PM
Clerk of the Court

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

|  |  |
|---|---|
| A. KEVIN FAHEY, *on behalf of himself and the General Public of the District of Columbia,* | x<br>:<br>: |
|  | : |
| *Plaintiff,* | :   Civil Action No.: 2019 CA 003515 |
|  | : |
| v. | :<br>: |
| GODIVA CHOCOLATIER, INC., | : |
|  | : |
| *Defendant.* | :<br>x |

## PRAECIPE TO ENTER APPEARANCE

Pursuant to Rule 101(a) of the D.C. Superior Court Rules of Civil Procedure, the under-

signed counsel respectfully requests that the Clerk enter his appearance in the above-captioned

matter on behalf of Defendant Godiva Chocolatier, Inc.

Dated:  July 8, 2019                    Respectfully submitted,

                                        KASOWITZ BENSON TORRES LLP

                                        By:   /s/ Henry Brownstein
                                        Henry Brownstein
                                        1399 New York Avenue, Suite 201
                                        Washington, D.C. 20005
                                        Tel.:  (202) 760-3400

                                        *Attorneys for Defendant Godiva Chocolatier, Inc.*

Filed
D.C. Superior Court
05/25/2019 10:01AM
Clerk of the Court

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| A. Kevin Fahey<br>5303 Birds View Lane, Unit D<br>Alexandria, VA<br><br>on behalf of the General Public of the<br>District of Columbia<br><br>     Plaintiff,<br><br>Godiva Chocolatier, Inc.<br>333 W 34th St,<br>New York, NY 10001<br>     Defendant | )<br>)<br>)<br>)   Civil Action No:<br>)<br>)<br>)<br>)<br>)   Jury Trial Demanded<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Kevin Fahey ("Plaintiff"), by and through his counsel, brings this action against the

Godiva Chocolatier, Inc. ( the "Defendant" ) on behalf of the General Public of the District of

Columbia, and alleges the following based upon information, belief and the investigation of counsel:

**NATURE OF THE CASE**

1. This is a representative action brought on behalf of Plaintiff and a class of consumers who

    purchased Godiva chocolate products ( "the Products").  Plaintiff purchased one of Godiva's

    chocolate products.

2. The package of the the Products indicates that they are products of Belgium.  This

    representation is not coincidence: Belgium has a reputation as the producer of many of the

1

world's finest chocolates.  Consumers pay a premium for chocolates emanating from this

country.

3.  However, in fact, as revealed in a national newspaper article, all Godiva chocolates sold in the

United States are created at a plant in Reading Pennsylvania.

4.  The newspaper article referenced above described flavor variations caused by, as an example,

the regulations of several US states on the amount of alcohol that be can placed in candy.

5.  In short, members of the Class are paying a premium for what they believe are products of a

country with a reputation for premier chocolate, whereas the product is made in the United

States, and in a different manner as a result.

6.  Plaintiffs and each of the Class Members accordingly suffered an injury in fact caused by the

false, fraudulent, unfair, deceptive, and misleading practices set forth herein, and seek

compensatory damages and other relief,

7.  The Plaintiff and Class Members seeks to enjoin such fraud, obtain disgorgement of profits

from sales of the products in question and obtain appropriate monetary damages for the

consumers who purchased such products in the District of Columbia.

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction over this action, and venue is appropriate in this

Court, pursuant to D.C. Code §§ 11-921 and 28-3905(k)(1).

9.  This Court has personal jurisdiction over the Defendant pursuant to D.C. Code §13-423, as

Defendant sells its products at stores throughout Washington, D.C.

10.      In addition, a substantial part of the actions which gave rise to Class Members' cause of

action occurred in this jurisdiction.

## THE PARTIES

11.       Plaintiff Keven Fahey is a resident of Virginia.

12.       Defendant Godiva Chocolatier, Inc. , is a New Jersey corporation with a principal place

of business at 333 W 34th St, , New York, NY    10001

## LEGAL FRAMEWORK - THE INTERESTS OF THE CLASS MEMBERS AND THE GENERAL PUBLIC AND THE DC CONSUMER PROTECTION ACT

13.       The District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code §

28-3901 *et seq.,* prohibits unlawful trade practices.  The prohibited trade practices include, in

relevant part, actions that

(a)   represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have
 (b). represent that goods have characteristics, uses, or benefits that they do not have;
  (d) represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another
(e) misrepresent as to a material fact which has a tendency to mislead;
(f) fail to state a material fact if such failure tends to mislead;
(f-1), use innuendo or ambiguity as to a material fact, which has a tendency to mislead
(h) advertise or offer goods or services without the intent to sell them or without the intent to sell them as advertised or offered; and
(x) to sell consumer goods in a condition or manner not consistent with that warranted by operation of sections 28:2-312 through 318 of the District of Columbia Code, Official Code, or by operation or requirement of federal law.

Section 3904.

14.       Additionally, "the CPPA's extensive enforcement mechanisms apply not only to the

unlawful trade practices proscribed by § 3904, but [also] to all other statutory and common law

prohibitions." *Osbourne v. Capital City Mortgage Corp.,* 727 A.2d 322, 325-26 (D.C. 1999).

15.     The CPPA allows for treble damages, or $1500 per violation, whichever is greater, as

well as reasonable attorneys' fees, punitive damages, an injunction against the unlawful trade

practice, "additional relief as may be necessary to restore the consumer money or property . . .

which may have been acquired by means of the unlawful trade practice," and "any other relief

the court deems proper."  D.C. Code § 28-3905(k)(1).

16.     Plaintiff brings this action on behalf of himself and as a Representative Class Members

acting for the interests of the general public of the District of Columbia, seeking relief from

Defendant's use of trade practices in violation of laws of the District of Columbia, pursuant to

D.C. Code § 28-3905(k)(1).

17.     A boxed chocolate is a "consumer good", and the Defendant is a "merchant" within the

meaning of the CPPA.  D.C. Code § 28-3901(1)(2) and (7).

**THE FAHEY PURCHASE**

18.     On February 12th 2019, Mr. Fahey purchased a package of Godiva chocolate from

Macy's at 13th and G Streets, Washington DC   A copy of the receipt, and photographs of the

packaging are set forth below:

4

*Figure 1*



19.

*Figure 2*



*Figure 3*



*Figure 4*



*Figure 5*



20.     Under the CPPA, such a purchase is all that is necessary to give Mr. Fahey standing to

be the Class Representative in this action. D.C.Code § 28-3905(k) (2001) now specifies:

(k)(1) A person, whether acting for the interests of itself, its members, or the general public, may
bring an action under this chapter in the Superior Court of the District of Columbia seeking relief
from the use by any person of a trade practice in violation of a law of the District of Columbia
and may recover or obtain the following remedies

(A) treble damages, or $1,500 per violation, whichever is greater, payable to the consumer;
(B) reasonable attorney's fees;
(C) punitive damages;
(D) an injunction against the use of the unlawful trade practice;
(E) in representative actions, additional relief as may be necessary to restore to the consumer
money or property, real or personal, which may have been acquired by means of the unlawful
trade practice; or
(F) any other relief which the court deems proper.

21.     The basis for Mr. Fahey's standing and the manifestation of his alleged injury in fact is

similar to that in *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 371 (1982).   There, the Court

determined that § 804(d) of the Fair Housing Act"established an enforceable right to truthful

information concerning the availability of housing," id. at 373, 102 S.Ct. 1114, and thus,

plaintiffs were injured in fact and had standing to sue because of "deprivation of information

about housing availability,"

22.     In *Grayson v. AT & T Corp.*, 15 A. 3d 219 (DC 2011), the DC Court of Appeals,

invoking the *Havens* ruling, upheld the standing of a purchaser of prepaid telephone calling card

to sue for alleged violations of the CPPA.  Consistent with *Havens*, the Supreme Court ruled as

such even though the plaintiff was an industry insider who knew when he purchased the product

that it had the defects at issue.  *Grayson* at 249-252

23.     Further, the DC City Council has suspended funding of enforcement by the DC Attorney

General's Office of the CPPPA. *Grayson*, *supra*, at 240.

24.     Therefore, the liberal standing requirements conferred by *Grayson* on private plaintiffs

10

are consistent with the intent of the DC City Council "provide public interest organizations and private attorneys the ability to seek injunctive relief and disgorgement of ill-gotten gains in the public interest". *Id* at 240.

**FACTUAL ALLEGATIONS**.

*The Mystique of Belgian Chocolate*

25.     Belgium has an international reputation for superior chocolate.  Consider this passage from a leading trade publication:

> The history of Belgian chocolate reaches back to the 17th century, when Spanish explorers brought cocoa beans from South America. The Spanish nobility, who then ruled Belgium, enjoyed cocoa as a luxury drink. However, chocolate did not gain popularity with the general public until the second half of the 19th century, when Belgian King Leopold II colonized the Congo. During the age of European imperialism, cocoa cultivation began to shift from the Americas to West Africa, which provided an ideal environment, as well as plentiful slave labor, for cocoa production[1]

26.     Such history leads to the present, at which time Belgium produces 270,000 metric tons of chocolate each year and boasts more than 2,000 chocolate shops. *Id.*

27.     Further, according to the AOCS article "[b]ut what is it about Belgian chocolate that makes it so smooth, flavorful, and melt-in-your-mouth irresistible? The secret lies in quality ingredients and expert processing, combined with a spirit of innovation that continues to refine Belgian chocolate even today" *Id.*

28.     Consistent with the reputation, the Belgian Royal Association of the Chocolate, Praline, Biscuits and Sugar Confectionary Industry ("CHOPRABISCO") has promulgated a Code (the "Belgian Chocolate Code", a voluntary industry agreement for standard relating to chocolate

---

[1] https://www.aocs.org/stay-informed/inform-magazine/featured-articles/the-secrets-of-belgian-chocolate-may-2012 (The AOCS Article".

that is labeled as originating from To protect the Belgian chocolate image, the Belgian Royal Association of the Chocolate, Praline, Biscuits and Sugar Confectionary Industry ("CHOPRABISCO") has developed the Belgian Chocolate Code.[2] (the "Code") that provides guidelines for labeling chocolate as coming from Belgium.

29.     The importance of the Belgian Chocolate Code to that industry arises because "the reputation of high quality associated with 'Belgian Chocolate' frequently induces competitors to mislead consumers by using texts or illustrations referring to Belgium" .*Id* at 1. .

30.     Plaintiff herein does not allege that the actions of Godiva violated the Code.  However, the existence and purpose of the Code demonstrate the importance to brand image of the claim of Belgian origin.

*Godiva's Reputation as a Top Belgian Confectioner*

31.     Godiva is one of the world's leading chocolatiers.  And one of the elements of its brand is its location in Belgium.

32.     Such can be seen at first by the marketing of Godiva products on the internet and social media specifically.  Godivia's website, and facebook and twitter home page all have "Belgian 1926" emblazed across them:

---

[2] http://www.choprabisco.be/engels/documents/BelgianChocolateCodeEN030507DEF.pdf

12





33.     Consistent with these images, all designed to convey the impression Godiva products are

made in Belgium and have the qualities of confections so produced, the product purchased by

Mr. Fahey has the "Belgian 1926" logo and states "Produite de Belgium". See Figures 2-6,

*supra*.

34.     In fact, the product purchased by Mr. Fahey was not made in Belgium. To the contrary,

Godiva's own website admits all its US product is made in its plant in Reading, Pennsylvania.[3]

35.     Further, according to a 1994 *Washington Post* article,[4] the different location can lead to

lead to different tastes "I'm not positive I could tell you the difference blindfolded, but the

American and Belgian tastes really are quite different," says Giselle Eggermont, the first

secretary at the Embassy of Belgium in Washington. "Maybe it's with the sugars -- and also the

---

[3] https://www.godiva.com/careersGodivaHistory/careersGodivaHistory.html (last visited April 29, 2019).
[4] https://www.washingtonpost.com/archive/lifestyle/food/1994/09/14/godiva-better-in-belgium/7e011581-5fbb-43bf-bc7e-6db959bf5178/?utm_term=.6b07ded9839b (the "Post Article", last visited April 29, 2019).

14

alcohol."

36.        In the *Post*  article, Melanie Draps, granddaughter of Godiva founder Pierre Draps, is
quoted as saying. "I've tried the American Godivas and they do taste different,".  According to
the *Post,* Ms. Draps, had made her own chocolates for 10 years as owner of Les Delices de
Melanie of Brussels, and "thinks different butters and creams, as well as the alcohol, account in
large part for the flavor variations."

37.        According to the *Post* article, David Albright, president of Godiva Worldwide admitted
that flavors and fillings could be different.  For example, "36 American states restrict alcohol in
candy. So, the dashes of liquor that enhance the flavors inside Godiva's European chocolates are
missing, and Godiva's American recipes must be altered."

38.        In short, as of the date of Mr. Fahey's purchase, Godiva was perpetrating a massive
fraud on US consumers by falsely stating the Products were made in Belgium, thereby invoking
the Belgian origin to induce purchasers to pay a premium

## Class Allegations

39.        This action has been brought and may be maintained as a class action pursuant to
Superior Court Rule of Civil Procedure 23 because there is a well-defined community of
interest among the persons who comprise the readily ascertainable classes defined below and
because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as
a class action.

40.        **Relevant Time Period:** The relevant time period is defined as the time period beginning
three years prior to the filing of this action until judgement is entered.

41.        **Class Definition** All persons who purchased the Products in the District of Columbia
during the relevant time period.

42.     Excluded from the class are:(1) the Defendants, ther subsidiaries, and their legal representatives, officers, directors, assigns and successors; and (2) all state and/or federal court judges who may preside over this case, their staff, and their immediate family members.

43.     Numerosity:     The class members are so numerous that the individuals joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under DC law.

44.     Commonality and Predominance:  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members.

45.     These common questions include, but are not limited to:

(a) Whether Defendant contributed to, committed, or is responsible for the conduct alleged herein;

(b) Whether Defendant's conduct constitutes the violations of law alleged herein;

(c) Whether Defendant acted willfully, recklessly, negligently, or with gross negligence in the violations of laws alleged herein;

(d). Whether Class Members are entitled to injunctive relief;

(e). Whether Class Members are entitled to restitution and damages; and

(f) Whether the Defendant's conduct violated the various statutes and common law causes of action sets forth *infra* and whether Plaintiff and the Class Members are entitled to relief, and the amount and nature of such relief in the form of an injunction and /or restitution.

**Count 1**
**Violation of the CPPA**
**Implied and Express Warranties**
**Section 3904(x)**

16

46.      Plaintiff incorporates the allegations of paragraphs 1 through  43 as though fully set forth herein, and alleges further:

47.      As noted above, the CPPA, §28-3904, provides that is it a violation  "whether or not any consumer is in fact mislead, deceived or damaged thereby,", for any person to , inter alia, "sell consumer goods in a condition or manner not consistent with state or federal law."

48.      Section 313 of the D.C. UCC (DC Code § 28:313 provides:

(1) Express warranties by the seller are created as follows:

> (a)  Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and become part of the basis of the bargain creates an express warranty that the goods shall conform the affirmation or promise.
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
> (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation does not create a warranty.

64.      D.C. Code § 28-314 provides:

> (a) Unless excluded or modified . . . a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.  Under this section, the serving for value of food or drink to be consumers either on the premises or elsewhere is a sale.
> (b) Goods to be merchantable must be at least such as . . .
> ( i ) In the case of fungible goods, are of fair average quality within the description; and
> (ii) Are fit for the ordinary purposes for which such goods are used; and
> (iii) Are adequately contained, packaged, and labeled as the agreement may require; and

17

(iv) Conform to the promises or affirmations of fact made on the container or label, if any.

65.     Plaintiff and DC consumers have purchased the Products from the Defendant.  The above-referenced warranties apply to the Product.  The Defendant has failed to honor these warranties.

66.     The Products are not merchantable because they are neither fit for the ordinary purpose for which such good are not, not conforms to the promises or affirmations covered.

67.     §28:2-607 (3) (A) requires that a buyer must within a "reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy;"

68.     Plaintiff's counsel, on behalf of him and the DC Public, have given such notice

69.     Defendant's breaches of its Express Warranties and the Implied Warranty of Merchantability, and its sale of consumer goods in a condition and in a manner inconsistent with D.C. law and contrary to the operation and requirements of federal law constitute unlawful trade practices, which violate the rights of Class Members and D.C. consumers protected by the CPPA.  D.C. Code § 28-3904(x).

**Count 2 –
Violations of the CPPA –
Various subsections**

70.     Plaintiff incorporate the allegations of paragraphs 1 through  43 as though fully set forth herein, and alleges further:

71.     By marketing the Products in the manner described above, the Defendant violated the various provisions of Section 3904 of the CPPA, set forth in more detail in paragraph 13, page 3 above.

18

72.        Such violations are actionable under the CPPA, and make the relief requested below

appropriate.

**Count 3**
**Violations of the DC Commercial Code**

73.        Plaintiff incorporates the allegations of paragraphs 1 through  43 as though fully set

forth herein, in particular those with respect to the DC Commercial Code, and alleges further

74.        The breaches of the DC Commercial Code as set forth above constitute an independent

cause of action, for which Class Members, on behalf of the DC General Public, seeks damages

as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, as to Counts 1-2 of the Complaint, Plaintiff, on behalf of the general public of

the District of Columbia, asks this court to award:

 statutory or actual damages, trebled, except that in no case does any individual Plaintiff seek an
amount in excess of $74,000;

disgorgement of profits obtained through the sales of the Covered Products in the District of
Columbia;

attorneys' fees; and

an injunction against Defendant's violations of the CPPA; and

as to Count 3 monetary damages for monies wrongfully obtained by the Defendant from the DC
General Public

any other relief this court deems just and proper.

                              Respectfully Submitted

                              *Thomas C. Willcox*
                              Thomas C. Willcox, Attorney at Law
                              DC Bar No 445135
                              1701 16th Street, N.W
                              Suite 211
                              Washington DC   20009
                              Tel: 202.338.0818
                              T.C. 202.234.0892
                              tcw19law@gmail.com



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

A Kevin Fahey et al
_____
                                    Plaintiff
                    vs.

                                                        Case Number _____

Godiva Chocolatier, INc.
_____
333 W. 34th Street                      Defendant
New York NY 10001

**SUMMONS**

To the above named Defendant:

　　　You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

　　　You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Thomas C. Willcox
_____
Name of Plaintiff's Attorney

1701 16th Street, NW #211
_____
Address
Washington DC 20009

202 338-0818
_____
Telephone

*Clerk of the Court*

By _____
                        Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828　　Veuillez appeler au (202) 879-4828 pour une traduction　　Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시요　　 የአማርኛ ትርጉም አስፈላጊ ከሆነ (202) 879-4828 ይደውሉ

　　　IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

　　　If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                     Super. Ct. Civ. R. 4

 

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

A Kevin Fahey et al
_____
                                    Demandante

                    contra

                                                         Número de Caso: _____

Godiva Chocolatier, Inc. 333 W 34th St, New York, NY 10001
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Thomas C. Willcox                                       *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

1701 16th Street, NW, #211                    Por: _____
Dirección
Washington DC  20009                                        Subsecretario

202 338-0818                                          Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202)879-4828 로 연락하십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                          Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

A Kevin Fahey et al
_____
Plaintiff

vs.

Case Number _____

Godiva Chocolatier, INc.
_____
333 W. 34th Street                          Defendant
New York NY 10001

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Thomas C. Willcox
_____
Name of Plaintiff's Attorney

1701 16th Street, NW #211
_____
Address
Washington DC 20009

202 338-0818
_____
Telephone

_____ _Clerk of the Court_

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

A Kevin Fahey et al
_____
                          Demandante

                contra

Número de Caso: _____

Godiva Chocolatier, Inc. 333 W 34th St, New York, NY 10001
                          Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarlo por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Thomas C. Willcox
_____
Nombre del abogado del Demandante

1701 16th Street, NW, #211
_____
Dirección
Washington DC  20009

202 338-0818
_____
Teléfono

*SECRETARIO DEL TRIBUNAL*

Por: _____
                          Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202)879-4828 로 전화주십시오      ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                      Super. Ct. Civ. R. 4

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| A. Kevin Fahey<br>5303 Birds View Lane, Unit D<br>Alexandria, VA | ) ) ) | |
| on behalf of the General Public of the<br>District of Columbia | ) ) | Civil Action No: **2019 CA 003515 B** |
| Plaintiff, | ) ) | |
| Godiva Chocolatier, Inc.<br>333 W 34th St,<br>New York, NY 10001<br>Defendant | ) ) ) | Jury Trial Demanded |
| | ) ) | |

---

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kevin Fahey ("Plaintiff"), by and through his counsel, brings this action against the

Godiva Chocolatier, Inc. ( the "Defendant" ) on behalf of the General Public of the District of

Columbia, and alleges the following based upon information, belief and the investigation of counsel:

### <u>NATURE OF THE CASE</u>

1. This is a representative action brought on behalf of Plaintiff and a class of consumers who

    purchased Godiva chocolate products ( "the Products"). Plaintiff purchased one of Godiva's

    chocolate products.

2. The package of the the Products indicates that they are products of Belgium. This

    representation is not coincidence: Belgium has a reputation as the producer of many of the

1

world's finest chocolates.  Consumers pay a premium for chocolates emanating from this

country.

3.  However, in fact, as revealed in a national newspaper article, all Godiva chocolates sold in the

United States are created at a plant in Reading Pennsylvania.

4.  The newspaper article referenced above described flavor variations caused by, as an example,

the regulations of several US states on the amount of alcohol that be can placed in candy.

5.  In short, members of the Class are paying a premium for what they believe are products of a

country with a reputation for premier chocolate, whereas the product is made in the United

States, and in a different manner as a result.

6.  Plaintiffs and each of the Class Members accordingly suffered an injury in fact caused by the

false, fraudulent, unfair, deceptive, and misleading practices set forth herein, and seek

compensatory damages and other relief,

7.  The Plaintiff and Class Members seeks to enjoin such fraud, obtain disgorgement of profits

from sales of the products in question and obtain appropriate monetary damages for the

consumers who purchased such products in the District of Columbia.

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction over this action, and venue is appropriate in this

Court, pursuant to D.C. Code §§ 11-921 and 28-3905(k)(1).

9.  This Court has personal jurisdiction over the Defendant pursuant to D.C. Code §13-423, as

Defendant sells its products at stores throughout Washington, D.C.

10.      In addition, a substantial part of the actions which gave rise to Class Members' cause of

action occurred in this jurisdiction.

## THE PARTIES

11.     Plaintiff Keven Fahey is a resident of Virginia.

12.     Defendant Godiva Chocolatier, Inc. , is a New Jersey corporation with a principal place

of business at 333 W 34th St, , New York, NY    10001

## LEGAL FRAMEWORK - THE INTERESTS OF THE CLASS MEMBERS AND THE GENERAL PUBLIC AND THE DC CONSUMER PROTECTION ACT

13.     The District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code §

28-3901 *et seq.,* prohibits unlawful trade practices.  The prohibited trade practices include, in

relevant part, actions that

(a)   represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have
 (b). represent that goods have characteristics, uses, or benefits that they do not have;
  (d) represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another
(e) misrepresent as to a material fact which has a tendency to mislead;
(f) fail to state a material fact if such failure tends to mislead;
(f-1), use innuendo or ambiguity as to a material fact, which has a tendency to mislead
(h) advertise or offer goods or services without the intent to sell them or without the intent to sell them as advertised or offered; and
(x) to sell consumer goods in a condition or manner not consistent with that warranted by operation of sections 28:2-312 through 318 of the District of Columbia Code, Official Code, or by operation or requirement of federal law.

Section 3904.

14.     Additionally, "the CPPA's extensive enforcement mechanisms apply not only to the

unlawful trade practices proscribed by § 3904, but [also] to all other statutory and common law

prohibitions." *Osbourne v. Capital City Mortgage Corp.*, 727 A.2d 322, 325-26 (D.C. 1999).

15.     The CPPA allows for treble damages, or $1500 per violation, whichever is greater, as well as reasonable attorneys' fees, punitive damages, an injunction against the unlawful trade practice, "additional relief as may be necessary to restore the consumer money or property . . . which may have been acquired by means of the unlawful trade practice," and "any other relief the court deems proper."  D.C. Code § 28-3905(k)(1).

16.     Plaintiff brings this action on behalf of himself and as a Representative Class Members acting for the interests of the general public of the District of Columbia, seeking relief from Defendant's use of trade practices in violation of laws of the District of Columbia, pursuant to D.C. Code § 28-3905(k)(1).

17.     A boxed chocolate is a "consumer good", and the Defendant is a "merchant" within the meaning of the CPPA.  D.C. Code § 28-3901(1)(2) and (7).

**THE FAHEY PURCHASE**

18.     On February 12th 2019, Mr. Fahey purchased a package of Godiva chocolate from Macy's at 13th and G Streets, Washington DC   A copy of the receipt, and photographs of the packaging are set forth below:

*Figure 1*



19.

*Figure 2*



*Figure 3*



*Figure 4*



*Figure 5*



20.     Under the CPPA, such a purchase is all that is necessary to give Mr. Fahey standing to

be the Class Representative in this action. D.C.Code § 28-3905(k) (2001) now specifies:

(k)(1) A person, whether acting for the interests of itself, its members, or the general public, may
bring an action under this chapter in the Superior Court of the District of Columbia seeking relief
from the use by any person of a trade practice in violation of a law of the District of Columbia
and may recover or obtain the following remedies

(A) treble damages, or $1,500 per violation, whichever is greater, payable to the consumer;
(B) reasonable attorney's fees;
(C) punitive damages;
(D) an injunction against the use of the unlawful trade practice;
(E) in representative actions, additional relief as may be necessary to restore to the consumer
money or property, real or personal, which may have been acquired by means of the unlawful
trade practice; or
(F) any other relief which the court deems proper.

21.     The basis for Mr. Fahey's standing and the manifestation of his alleged injury in fact is

similar to that in *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 371 (1982).   There, the Court

determined that § 804(d) of the Fair Housing Act"established an enforceable right to truthful

information concerning the availability of housing," id. at 373, 102 S.Ct. 1114, and thus,

plaintiffs were injured in fact and had standing to sue because of "deprivation of information

about housing availability,"

22.     In *Grayson v. AT & T Corp.*, 15 A. 3d 219 (DC 2011), the DC Court of Appeals,

invoking the *Havens* ruling, upheld the standing of a purchaser of prepaid telephone calling card

to sue for alleged violations of the CPPA.  Consistent with *Havens*, the Supreme Court ruled as

such even though the plaintiff was an industry insider who knew when he purchased the product

that it had the defects at issue.  *Grayson* at 249-252

23.     Further, the DC City Council has suspended funding of enforcement by the DC Attorney

General's Office of the CPPPA. *Grayson*, *supra*, at 240.

24.     Therefore, the liberal standing requirements conferred by *Grayson* on private plaintiffs

10

are consistent with the intent of the DC City Council "provide public interest organizations and

private attorneys the ability to seek injunctive relief and disgorgement of ill-gotten gains in the

public interest". *Id* at 240.

**FACTUAL ALLEGATIONS**.

*The Mystique of Belgian Chocolate*

25.     Belgium has an international reputation for superior chocolate.  Consider this passage

from a leading trade publication:

> The history of Belgian chocolate reaches back to the 17th century, when
> Spanish explorers brought cocoa beans from South America. The Spanish
> nobility, who then ruled Belgium, enjoyed cocoa as a luxury drink.
> However, chocolate did not gain popularity with the general public until
> the second half of the 19th century, when Belgian King Leopold II
> colonized the Congo. During the age of European imperialism, cocoa
> cultivation began to shift from the Americas to West Africa, which
> provided an ideal environment, as well as plentiful slave labor, for cocoa
> production[1]

26.     Such history leads to the present, at which time Belgium produces 270,000 metric tons

of chocolate each year and boasts more than 2,000 chocolate shops. *Id.*

27.     Further, according to the AOCS article "[b]ut what is it about Belgian chocolate that

makes it so smooth, flavorful, and melt-in-your-mouth irresistible? The secret lies in quality

ingredients and expert processing, combined with a spirit of innovation that continues to refine

Belgian chocolate even today" *Id.*

28.     Consistent with the reputation, the Belgian Royal Association of the Chocolate, Praline,

Biscuits and Sugar Confectionary Industry ("CHOPRABISCO") has promulgated a Code (the

"Belgian Chocolate Code", a voluntary industry agreement for standard relating to chocolate

---

[1] https://www.aocs.org/stay-informed/inform-magazine/featured-articles/the-secrets-of-belgian-chocolate-may-2012 (The
AOCS Article".

that is labeled as originating from To protect the Belgian chocolate image, the Belgian Royal

Association of the Chocolate, Praline, Biscuits and Sugar Confectionary Industry

("CHOPRABISCO") has developed the Belgian Chocolate Code.[2] (the "Code") that provides

guidelines for labeling chocolate as coming from Belgium.

29.     The importance of the Belgian Chocolate Code to that industry arises because "the

reputation of high quality associated with 'Belgian Chocolate' frequently induces competitors to

mislead consumers by using texts or illustrations referring to Belgium" .*Id* at 1. .

30.     Plaintiff herein does not allege that the actions of Godiva violated the Code.  However,

the existence and purpose of the Code demonstrate the importance to brand image of the claim

of Belgian origin.

*Godiva's Reputation as a Top Belgian Confectioner*

31.     Godiva is one of the world's leading chocolatiers.  And one of the elements of its brand

is its location in Belgium.

32.     Such can be seen at first by the marketing of Godiva products on the internet and social

media specifically.  Godivia's website, and facebook and twitter home page all have "Belgian

1926" emblazed across them:

---

[2] http://www.choprabisco.be/engels/documents/BelgianChocolateCodeEN030507DEF.pdf





33.     Consistent with these images, all designed to convey the impression Godiva products are made in Belgium and have the qualities of confections so produced, the product purchased by Mr. Fahey has the "Belgian 1926" logo and states "Produite de Belgium". See Figures 2-6, *supra*.

34.     In fact, the product purchased by Mr. Fahey was not made in Belgium. To the contrary, Godiva's own website admits all its US product is made in its plant in Reading, Pennsylvania.[3]

35.     Further, according to a 1994 *Washington Post* article,[4] the different location can lead to lead to different tastes "I'm not positive I could tell you the difference blindfolded, but the American and Belgian tastes really are quite different," says Giselle Eggermont, the first secretary at the Embassy of Belgium in Washington. "Maybe it's with the sugars -- and also the

---

[3] https://www.godiva.com/careersGodivaHistory/careersGodivaHistory.html (last visited April 29, 2019).
[4] https://www.washingtonpost.com/archive/lifestyle/food/1994/09/14/godiva-better-in-belgium/7e011581-5fbb-43bf-bc7e-6db959bf5178/?utm_term=.6b07ded9839b (the "Post Article", last visited April 29, 2019).

14

alcohol."

36.       In the *Post* article, Melanie Draps, granddaughter of Godiva founder Pierre Draps, is quoted as saying. "I've tried the American Godivas and they do taste different,".  According to the *Post,* Ms. Draps, had made her own chocolates for 10 years as owner of Les Delices de Melanie of Brussels, and "thinks different butters and creams, as well as the alcohol, account in large part for the flavor variations."

37.       According to the *Post* article, David Albright, president of Godiva Worldwide admitted that flavors and fillings could be different.  For example, "36 American states restrict alcohol in candy. So, the dashes of liquor that enhance the flavors inside Godiva's European chocolates are missing, and Godiva's American recipes must be altered."

38.       In short, as of the date of Mr. Fahey's purchase, Godiva was perpetrating a massive fraud on US consumers by falsely stating the Products were made in Belgium, thereby invoking the Belgian origin to induce purchasers to pay a premium

**Class Allegations**

39.       This action has been brought and may be maintained as a class action pursuant to Superior Court Rule of Civil Procedure 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

40.       **Relevant Time Period:** The relevant time period is defined as the time period beginning three years prior to the filing of this action until judgement is entered.

41.       **Class Definition** All persons who purchased the Products in the District of Columbia during the relevant time period.

42.     Excluded from the class are:(1) the Defendants, ther subsidiaries, and their legal

representatives, officers, directors, assigns and successors; and (2) all state and/or federal court

judges who may preside over this case, their staff, and their immediate family members.

43.     Numerosity:     The class members are so numerous that the individuals joinder of each

individual class member is impractical. While Plaintiff does not currently know the exact

number of class members, Plaintiff is informed and believes, and thereupon alleges that the

actual number exceeds the minimum required for numerosity under DC law.

44.     Commonality and Predominance:  Common questions of law and fact exist as to all class

members and predominate over any questions which affect only individual class members.

45.     These common questions include, but are not limited to:

        (a) Whether Defendant contributed to, committed, or is responsible for the conduct

alleged herein;

        (b) Whether Defendant's conduct constitutes the violations of law alleged herein;

        (c) Whether Defendant acted willfully, recklessly, negligently, or with gross negligence

in the violations of laws alleged herein;

        (d). Whether Class Members are entitled to injunctive relief;

        (e). Whether Class Members are entitled to restitution and damages; and

        (f) Whether the Defendant's conduct violated the various statutes and common law

causes of action sets forth *infra* and whether Plaintiff and the Class Members are entitled to

relief, and the amount and nature of such relief in the form of an injunction and /or restitution.

**Count 1**
**Violation of the CPPA**
**Implied and Express Warranties**
**Section 3904(x)**

16

46.     Plaintiff incorporates the allegations of paragraphs 1 through  43 as though fully set forth herein, and alleges further:

47.     As noted above, the CPPA, §28-3904, provides that is it a violation  "whether or not any consumer is in fact mislead, deceived or damaged thereby,", for any person to , inter alia, "sell consumer goods in a condition or manner not consistent with state or federal law."

48.     Section 313 of the D.C. UCC (DC Code § 28:313 provides:

(1) Express warranties by the seller are created as follows:

(a)  Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and become part of the basis of the bargain creates an express warranty that the goods shall conform the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation does not create a warranty.

64.     D.C. Code § 28-314 provides:

(a) Unless excluded or modified . . . a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.  Under this section, the serving for value of food or drink to be consumers either on the premises or elsewhere is a sale.

(b) Goods to be merchantable must be at least such as . . .

( i ) In the case of fungible goods, are of fair average quality within the description; and

(ii) Are fit for the ordinary purposes for which such goods are used; and

(iii) Are adequately contained, packaged, and labeled as the agreement may require; and

Case 1:19-cv-02128  Document 1-1  Filed 07/17/19  Page 71 of 79

(iv) Conform to the promises or affirmations of fact made on the container or label, if any.

65.     Plaintiff and DC consumers have purchased the Products from the Defendant.  The above-referenced warranties apply to the Product.  The Defendant has failed to honor these warranties.

66.     The Products are not merchantable because they are neither fit for the ordinary purpose for which such good are not, not conforms to the promises or affirmations covered.

67.     §28:2-607 (3) (A) requires that a buyer must within a "reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy;"

68.     Plaintiff's counsel, on behalf of him and the DC Public, have given such notice

69.     Defendant's breaches of its Express Warranties and the Implied Warranty of Merchantability, and its sale of consumer goods in a condition and in a manner inconsistent with D.C. law and contrary to the operation and requirements of federal law constitute unlawful trade practices, which violate the rights of Class Members and D.C. consumers protected by the CPPA.  D.C. Code § 28-3904(x).

**Count 2 –
Violations of the CPPA –
Various subsections**

70.     Plaintiff incorporate the allegations of paragraphs 1 through  43 as though fully set forth herein, and alleges further:

71.      By marketing the Products in the manner described above, the Defendant violated the various provisions of Section 3904 of the CPPA, set forth in more detail in paragraph 13, page 3 above.

18

72.	Such violations are actionable under the CPPA, and make the relief requested below appropriate.

**Count 3**
**Violations of the DC Commercial Code**

73.	Plaintiff incorporates the allegations of paragraphs 1 through  43 as though fully set forth herein, in particular those with respect to the DC Commercial Code, and alleges further

74.	The breaches of the DC Commercial Code as set forth above constitute an independent cause of action, for which Class Members, on behalf of the DC General Public, seeks damages as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, as to Counts 1-2 of the Complaint, Plaintiff, on behalf of the general public of the District of Columbia, asks this court to award:

statutory or actual damages, trebled, except that in no case does any individual Plaintiff seek an amount in excess of $74,000;

disgorgement of profits obtained through the sales of the Covered Products in the District of Columbia;

attorneys' fees; and

an injunction against Defendant's violations of the CPPA; and

as to Count 3 monetary damages for monies wrongfully obtained by the Defendant from the DC General Public

any other relief this court deems just and proper.

Respectfully Submitted

*Thomas C. Willcox*
Thomas C. Willcox, Attorney at Law
DC Bar No 445135
1701 16th Street, N.W
Suite 211
Washington DC   20009
Tel: 202.338.0818
T.C. 202.234.0892
tcw19law@gmail.com



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

A Kevin Fahey et al
_____
                              Plaintiff
                vs.

Godiva Chocolatier, INc.                    Case Number   2019 CA 003515 B
_____
333 W. 34th Street                        Defendant
New York NY 10001

**SUMMONS**

To the above named Defendant:

   You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

   You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Thomas C. Willcox
_____         _Clerk of the Court_
Name of Plaintiff's Attorney
1701 16th Street, NW #211                 By _____
_____                      Deputy Clerk
Address
Washington DC 20009
202 338-0818                              Date        05/29/2019
_____              _____
Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시요    ???? ???? ?????? (202) 879-4828 ?.?.?.?

   IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

   If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                    Super. Ct. Civ. R. 4




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

‾A Kevin Fahey et al
_____
Demandante

contra

Número de Caso: _____

Godiva Chocolatier, Inc. 333 W 34th St, New York, NY 10001
Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Thomas C. Willcox
_____
Nombre del abogado del Demandante

*SECRETARIO DEL TRIBUNAL*

1701 16th Street, NW, #211
_____
Dirección
Washington DC  20009

Por: _____
Subsecretario

202 338-0818
_____
Teléfono

Fecha _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202)879-4828 로 연락하십시오.      የトርጉም እገዛ ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                 Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

A Kevin Fahey et al
_____
Plaintiff

vs.

Case Number : 2019 CA 003515 B

Godiva Chocolatier, INc.
_____
333 W. 34th Street                     Defendant
New York NY 10001

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Thomas C. Willcox
_____
Name of Plaintiff's Attorney

1701 16th Street, NW #211
_____          By _____
Address                                                                      Deputy Clerk
Washington DC 20009

202 338-0818
_____          Date          05/29/2019
Telephone

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주세요           የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

Clerk of the Court

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

A Kevin Fahey et al
_____
                                        Demandante

           contra

                                                        Número de Caso: _____

Godiva Chocolatier, Inc. 333 W 34th St, New York, NY 10001
                                        Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarले por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarले al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Thomas C. Willcox
_____                    *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

1701 16th Street, NW, #211
_____          Por: _____
Dirección
Washington DC   20009                                           Subsecretario

202 338-0818
_____          Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202)879-4828로 전화하십시오.      ለማንኛውም ትርጉም አስተርጓሚ: (202) 879-4828  ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

A. KEVIN FAHEY

    Vs.                                                  C.A. No.      2019 CA 003515 B

GODIVA CHOCOLATIER, INC

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge FERN FLANAGAN SADDLER
Date:  May 28, 2019
Initial Conference: 9:30 am, Friday, August 23, 2019
Location:   Courtroom 100
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.  D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch.  The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin