UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Kevin Fahey on behalf of himself and the
General Public of the District of Columbia,.

v.

                                                  Civil Action No 19-cv-2128 (JDB)

Godiva Chocolatier, Inc.                      JURY TRIAL DEMANDED

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND TO DISTRICT OF COLUMBIA SUPERIOR COURT

**INTRODUCTION**

      Plaintiff moves to remand the above captioned case to the District of Columbia Superior Court pursuant to 28 U.S.C. 1447(c) Plaintiff alleges that the Defendants uses innuendo and deception to represent that certain of its confection products are made in Belgium, which has an international reputation for confection excellence, whereas in fact the products at issue are made in the United States.

      Plaintiff sought relief from the Defendant's deceptive trade practices by instigating an action in DC Superior Court, seeking injunctive relief for the general public of the District of Columbia, and individual damages, plus fees and costs and permitted by the DC consumer protection statute.

      Defendant removed this action to federal court, contending diversity jurisdiction exists. Defendant did so even though there is no case in this jurisdiction denying a motion to remand under DC's consumer protection statute, when plaintiff is representing the general public of the District of Columbia.

In removing this action, Defendant asserted this Court possessed diversity jurisdiction because the amount in controversy surpasses the $75,000 threshold. Defendant claims this in the case primarily because the claimed cost of injunctive relief would be in excess of $10 million. However, the Supreme Court has been very clear that the cost of injunctive relief cannot be aggregated for diversity purposes. Further, while defendant does not specify the number of the products at issue it has sold in the District of Columbia over the last three years, all this internationally known company would have to sell is 50 products a year to defeat diversity jurisdiction.

I.  **FACTUAL BACKGROUND**

On May 25, 2019, Plaintiff A. Kevin Fahey ("Plaintiff" or "Mr. Fahey" ,on behalf of himself and the general public of the District of Columbia filed the Complaint in the Superior Court of the District of Columbia, styled *Fahey v. Godiva Chocolatier, Inc.*, Civil Action No. 19–003515 (the "Action").

On July 8 2019, Plaintiff filed an Amended Complaint ("AC").

The AC proceeds on the theory that as the front of numerous Godiva chocolate products states "Belgium 1926".[1]  Defendant's marketing statements lead reasonable consumers into erroneously believing that that the products at issue are made in Belgium. Cite.  To the contrary, the products are made in the United States. AC at 1-2

Godiva also sells its Belgian manufactured products in the United States. Cite.  These products disclose on the rear label "Product of Belgium". AC at 17.  Further, Macy's, a major

---

[1] The AC erroneously states the relevant language to be "Belgian 126". The words "Belgium 126" nonetheless create the same misimpression.

retailer of Godiva's products, discloses on its website that certain Godiva products are made in the USA. AC at 18.

Plaintiff expressly disclaimed any damages in excess of $74,000. AC at 19. Further, as he is proceeding on a theory of statutory damages, his maximum payment is not likely to be more than that allowed under the DC Consumer Protection Act, DC Code §28-3905, of $1500 per violation.

The Defendant timely removed this Action to this Court.

The Notice of Removal cites only diversity of jurisdiction as the basis for removal. Primarily, the Notice invokes a claimed cost of $10 million for compliance with the claim for injunctive relief. Also the Notice of Removal claims attorneys fees "Such costs and damages ,even after accounting only for Plaintiff's share, are likely to exceed$75,000." Id at 3.

## II.   LEGAL STANDARD

An action originally filed in state court "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," when it falls within the federal court's original jurisdiction. 28 U.S.C. § 1441(a). Because of the significant federalism concerns involved, this Court strictly construes the scope of its removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941); *see also Bhagwanani v. Howard Univ.*, 355 F.Supp.2d 294, 297 (D.D.C.2005); *Johnson-Brown v. 2200 M Street LLC*, 257 F.Supp.2d 175, 177 (D.D.C.2003). After removal of an action from state court, the party seeking to remain in federal court— Godiva here—bears the burden of establishing that federal jurisdiction exists. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Bhagwanani*, 355 F.Supp.2d at 297; *In re*

*Tobacco/Gov'tal Health Care Costs Litig.*, 100 F.Supp.2d 31, 35 (D.D.C. 2000). "When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case...." *Republic of Venez. v. Philip Morris Inc.,* 287 F.3d 192, 196 (D.C.Cir. 2002); see also *Bhagwanani*, 355 F.Supp.2d at 297. "[T]he court must resolve any ambiguities concerning the propriety of removal in favor of remand." *Johnson-Brown*, 257 F.Supp.2d at 177.

### III.   ARGUMENT

#### A. *This Court Lacks Diversity Jurisdiction Because the Claim Does Not Meet The Minimum Amount In Controversy.*

1. The Claim The Cost of An Injunction Establishes Diversity Jurisdiction Violates the "Non Aggregation Principle" Established By The Supreme Court

The Defendant's first basis for this court's jurisdiction is diversity.  The Defendant fails to specify how the cost of repackaging the products at issue o include the words "made in the USA" , and adding those words to the website of the products at issue would cost $10 million. For this reason alone, this court should disregard these representations.

Even further, the claim for injunctive relief  providing diversity jurisdiction) cannot be used in such a manner.

Such an analysis would ignore the non-aggregation principle, "the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Snyder v. Harris*, 394 U.S. 332, 335 (1969); *see also Zahn v. Int'l Paper Co*., 414 U.S. 291, 294 (1973) (explaining that the "rule that multiple plaintiffs with separate and distinct claims must each satisfy the jurisdictional-amount requirement for suit in the federal courts [was] firmly rooted in prior cases dating from 1832, and [has] continued to be the accepted construction of the controlling statutes").

When a plaintiff seeks injunctive relief under the DCCPPA, courts in this Circuit have regularly held that the amount in controversy for purposes of jurisdiction is the total cost of the injunction divided by the number of beneficiaries in the general public. *See, e.g.*, *Animal Legal Defense Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 60 (D.D.C. 2017) ("the cost of compliance that a court should consider when determining the amount in controversy in the total amount divided among the beneficiaries of the injunction*");* *Breathe DC v. Santa Fe Nat. Tobacco Co.*, 232 F. Supp. 3d 163, 171 (D.D.C. 2017) ("the cost of compliance must be divided among the beneficiaries of the injunction"); *Witte v. Gen. Nutrition Corp.*, 104 F. Supp. 3d 1, 6 (D.D.C. 2015) ("Defendants' argument—that this Court should consider their total compliance costs in calculating the amount in controversy—would circumvent the non-aggregation principle articulated in *Snyder* and *Zahn*").

In short "several district court opinions from this Circuit that have considered this conflict in the context of cases brought under the DCCPPA on behalf of the general public seeking injunctive relief and have determined that considering the total cost to the Defendant of complying with that relief would violate the non-aggregation principle." *Animal Legal Def. Fund*, *supra*, 249 F. Supp. 3d at 60 (emphasis in original).

This reasoning was recently reiterated in *Hackman v. One Brands LLC,* Civil Action No. 18-2101 (D.D.C. April 1 2019) at 2. ("Assuming that Defendant's estimates of either $1,082,500 or $130,000 are accurate costs of compliance, Defendant has failed to establish that it meets the amount in controversy requirement").

2. The Claim For Attorneys Fees Does Not Provide This Court With A Basis For Diversity Jurisdiction

Defendant's contention that plaintiff's claim for attorneys fees provides a basis for diversity jurisdiction fares no better.

Using similar reasoning to that in dismissing defendant's contentions as to injunctive relief, the *Hackman* Court rejected the defendant's efforts to aggregate attorneys fees to obtain diversity jurisdiction. Id at *3, *citing Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 107 (D.D.C. 2008) ("the non-aggregation principle logically should extend to claims of attorneys' fees").

**CONCLUSION**

For the above reasons, this Court should remand this case to DC Superior Court.

Respectfully Submitted

*/s/*
Thomas C. Willcox
1701 16th Street, NW
211
Washington DC
DC Bar No 445135
202 338.0818
Mobile 202.617.4210
Tcw19law@gmail.com